## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **Everlyne N. Nkadori, Individually and As Surviving Spouse, and As Next Friend of A.A., a Minor Child, and As The Personal Representative of the Estate of Allan Odhiambo Onucko, Deceased, and Aimee Shearod, As Next Friend Of A.O. And A.J.O., Minor Children,** § § § § § § § § § | § § NO: _____ § § **ORIGINAL COMPLAINT** § § **JURY DEMAND REQUESTED** |
| *Plaintiffs,* § | |
| **V.** § § | |
| **Harrison Company, LLC and Dejon Oneil Jackson,** § § § § | |
| *Defendants.* § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COME NOW, Plaintiffs EVERLYNE N. NKADORI, INDIVIDUALLY AND AS SURVIVING SPOUSE, AND AS NEXT FRIEND OF A.A., A MINOR CHILD, AND AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF ALLAN ODHIAMBO ONUCKO, DECEASED, AND AIMEE SHEAROD, AS NEXT FRIEND OF A.O. AND A.J.O., MINOR CHILDREN, and file this, their Original Complaint, complaining of Defendants HARRISON COMPANY, LLC ("Harrison") AND DEJON ONEIL JACKSON ("Jackson"), and for causes of action show the following:

# I.
## PARTIES

1.1     Plaintiff EVERLYNE N. NKADORI, INDIVIDUALLY AND AS SURVIVING SPOUSE, AND AS NEXT FRIEND OF A.A., A MINOR CHILD, AND AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF ALLAN ODHIAMBO ONUCKO, DECEASED, is the surviving spouse of Decedent Allan Odhiambo Onucko.  She brings this suit Individually and for the wrongful death of her husband.  Plaintiff also brings this lawsuit as next friend on behalf of Decedent's minor child A.A.  She also brings this suit as the personal representative of the Estate of Allan Odhiambo Oncuko.  Plaintiff resides in Wisconsin.

1.2     Plaintiff AIMEE SHEAROD, AS NEXT FRIEND OF A.O. AND A.J.O., MINOR CHILDREN, brings this lawsuit on behalf of decedent's two minor children for the wrongful death of their father.  Plaintiff resides in Wisconsin.

1.3     Defendant HARRISON COMPANY, LLC is a foreign for profit limited liability company with its principal place of business in Bossier Parish, Louisiana.  Defendant HARRISON COMPANY, LLC may be served with process according to FED. R. CIV. P. 4, any method or manner of service under the law of the State where the District Court is located.  As such, Defendant HARRISON COMPANY, LLC may be served by serving its registered agent for service CT Corporation System located at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

1.4     Defendant DEJON ONEIL JACKSON is an individual residing in Bossier Parish, Louisiana.  Defendant DEJON ONEIL JACKSON may be served with process according to FED. R. CIV. P. 4, any method or manner of service under the law of the State where the District Court is located.  As such, Defendant DEJON ONEIL JACKSON may be served with process by serving him at 6024 Sandalwood Drive, Bossier City, LA, 71111 or wherever he may be found.

## II.
### VENUE AND JURISDICTION

2.1     Plaintiffs bring this action under 28 U.S.C. § 1332.  This case has complete diversity jurisdiction in that no Plaintiff shares a state of citizenship with any Defendant.  Moreover, Plaintiffs seek monetary relief in excess of $75,000.00.

2.2     Plaintiffs comply with all pleading requirements under the Federal Rules of Civil Procedure as well as the pleading requirements of FRCP Rule 8(a)(2) and the requirements of *Ashcroft v. Iqbal*, 556 U.S. 129 S.Ct. 1937, 1949 (2009), in that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) that the "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact."

## III.
### FACTS

3.1     This is a wrongful death case.  In the early morning of January 4, 2019, in Waskom Texas, Decedent Allan Odhiambo Oncuko was a pedestrian in the shoulder of IH 20 who was struck by an 18-wheeler owned by Defendant Harrison Company, LLC and operated by Defendant Jackson.

3.2      On January 4, 2019, Allan Odhiambo Onucko was a self-employed delivery man and was traveling to make deliveries from Mountain, Georgia to Houston, Texas and then to Dallas, Texas.  During this time, Decedent Onucko was traveling westbound on IH 20 near mile post 627 when he ran out of gas.  Decedent Onucko decided to walk in the right shoulder of IH 20, leaving his vehicle to go to a nearby gas station.

3.3  At this time, Defendant Jackson was traveling in a 2016 Freightliner westbound on IH 20 in the course and scope of his employment with Defendant Harrison. At approximately 5:22 A.M., Defendant Jackson struck Decedent Onucko in the shoulder of IH 20 while traveling westbound. Decedent Onucko was killed from the impact.

## IV.
### CAUSES OF ACTION

### A. NEGLIGENCE AND GROSS NEGLIGENCE

4.1  Plaintiffs incorporate the assertions contained in the foregoing paragraphs as if alleged herein.

4.2  At the time of the accident made the basis of this lawsuit, Defendant Jackson was at all times acting in the course and scope of his employment with Defendant Harrison and was operating his vehicle negligently. Defendant Jackson had a duty to exercise ordinary care and operate his vehicle reasonably and prudently. Defendant Jackson breached that duty in one or more of the following ways:

a. failing to timely apply his brakes;

b. failing to maintain a proper lookout;

c. failing to stay in his lane of traffic and veering into the shoulder;

d. failing to turn the vehicle in order to avoid the impact in question; and

e. driving the freightliner at a rate of speed that an ordinary and prudent person would not have driven under the same or similar circumstances, thereby violating State and Federal Law.

4.3  As a proximate cause of Defendant Jackson's negligence, Plaintiffs suffered damages.

4.4  Defendant Harrison negligently hired, trained, and supervised Defendant Jackson.

This negligence was a proximate cause of the accident made the basis of this lawsuit and Plaintiffs' damages.

4.5 At the time of the accident made the basis of this lawsuit, Defendant Harrison entrusted its freightliner to Defendant Jackson, an incompetent or reckless driver that Defendant Harrison knew or should have known to be incompetent or reckless.  Defendant Jackson was acting in a negligent manner at the time of the accident in question and his negligence proximately caused Plaintiffs' damages.

4.6 Defendant Harrison Company, LLC was well-aware of the risks in question due to its longstanding experience in the commercial transportation industry.  Because of Defendant's refusal to hire qualified and appropriate drivers to operate its commercial vehicles, such as the one made the basis of this Complaint, Defendant's conduct rose to the level of gross negligence as that term is defined under Chapter 41 of the Texas Civil Practice and Remedies Code.  Specifically, Defendant Harrison through its owners, supervisors and employees, knew fully the danger and risk posed to pedestrians and the public in hiring unqualified drivers, but nevertheless allowed ill-equipped and negligent drivers to operate its commercial vehicles.  The Defendants' negligence and gross negligence were a proximate cause of Decedent Onucko's injuries and death.

### B. WRONGFUL DEATH CLAIMS

4.7 Plaintiffs incorporate the assertions contained in the foregoing paragraphs as if alleged herein.

4.8 Plaintiffs were the parents, spouse, and/or children of Decedent Onucko at the time of his death.  The decedent's death was caused by the Defendants' wrongful acts, neglect, carelessness, unskillfulness and/or default.  Decedent Onucko would have been entitled to bring

suit for his injuries if he had lived.  As a result of Defendants' actions, Plaintiffs were injured.  As such Plaintiffs bring this lawsuit under the Texas Wrongful Death Act.  TEX. CIV. PRAC. & REM. CODE § 71.001 *et seq.*

### C. SURVIVAL CLAIM

4.9  Plaintiffs incorporate the assertions contained in the foregoing paragraphs as if alleged herein.

4.10  Plaintiff Everlyn N. Nkadori is the surviving spouse and legal Heir of Decedent Allan Odhiambo Onucko, who was killed on January 4, 2019.  Had he lived, he would have had a cause of action for personal injury to his health, reputation or person before he died and would have been entitled to bring an action for his injuries if he had lived.  Moreover, Defendants' conduct and wrongful acts caused his injuries.  As such Plaintiff brings this lawsuit under the Texas Survival Act.  TEX. CIV. PRAC. & REM. CODE § 71.021 *et seq.*

### V.
### PERSONAL INJURIES AND DAMAGES

5.1  As a result of Defendants' actions, Plaintiffs seek the following damages:

(a) <u>Exemplary Damages:</u>  The acts or omissions of Defendants as described above constitute gross negligence, in that Defendants acted or omitted to act in a manner that, when viewed objectively, at the time involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  In addition, Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.  Accordingly, Plaintiffs seek exemplary damages under § 41.001 et seq. of the Texas Civil Practice and Remedies Code.

(b) <u>Physical Pain & Mental Anguish</u>: Decedent may have endured physical pain and mental awareness of his impending death;

(c) <u>Mental Anguish</u>: Plaintiffs have endured mental suffering in the past, which, in reasonable probability, Plaintiffs will continue to suffer in the future;

    (d) <u>Pecuniary Loss:</u>  Plaintiffs claim the loss of pecuniary benefits in earnings that would have been personally earned by Decedent had he lived;  Plaintiffs also claim the reasonable cash value of future contributions that Decedent would, in reasonable probability, have made during his lifetime had he lived; Plaintiffs also claim the reasonable cash value of services that, in reasonable probability, would have been rendered by Decedent in aid of his family during their life time had he lived;

    (e) <u>Loss of Companionship and Society:</u> Plaintiffs seek the loss of affection, comfort, companionship, society, emotional support, and love which she would, in some reasonable probability have received from Decedent had he lived;

    (f) <u>Loss of Inheritance:</u>  Loss of present value of the assets of the deceased that would have been added to and left to the heirs and left at the natural death to Plaintiffs;

    5.2    All conditions precedent to Plaintiffs' right to recover the relief sought herein have occurred or have been performed.

## VI.
## JURY DEMAND

    6.1    Pursuant to the Federal Rules of Civil Procedure and the Constitution of the United States of America, Plaintiffs request a jury trial of this matter.

    WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that Defendants be cited to appear and answer, and that upon the trial of this case the Plaintiffs recover judgment for a sum within the jurisdictional limits of the court for the damages listed above in an amount determined by the jury that is fair given the circumstances, pre-judgment interest at the maximum rate allowed by law, post-judgment interest at the maximum rate allowed by law, exemplary damages, court costs, and such other relief, at law or in equity to which Plaintiffs may be justly entitled.

Date this 28th day of April, 2020.

Respectfully submitted,

**WENHOLZ | DOW P.C.**

By: */s/ Sean B. Swords*
David C. Wenholz
Texas Bar No. 21176350
dwenholz@wenholzdow.com
J. Luke Dow
Texas Bar No. 00793636
luke@wenholzdow.com
Sean B. Swords
Texas Bar No. 24102554
sswords@wenholzdow.com
Grant J. Nicar
Texas Bar No. 24116826
gnicar@wenholzdow.com

9433 Bee Caves Rd., Ste. 1-200
Austin, Texas 78733
(512) 478-2211
(512) 478-3625 (fax)

**ATTORNEYS FOR PLAINTIFFS**